I'm Alexis Colvary here on behalf of Ferdinand Reynolds. I ask that I, do you have two minutes for rebuttal time, please? It's all, all in there. Okay, thank you very much. We're here today to contest a blatant denial of the due process on remand from the prior appeal here to this court. I will not burden you with the long, circuitous facts of this case. However, there are some facts I think are necessary to address both our arguments and the Attorney General's arguments. It's a threshold issue. They have challenged the jurisdiction of this court to hear this appeal. So I would like to talk about the facts that occurred after the initial appeal here to the time that there was remand hearing, just so you understand the facts and understand the threshold matter of jurisdiction. This initially was brought up on a challenge for the, a challenge on Seventh Amendment violation of right to jury trial. My client had challenged a waiver by his trial counsel that was broader than the consent that had been provided. This court remanded, vacated the judgment and remanded for a further factual hearing. Adopting the legal arguments that we presented, which was a conditional waiver would be appropriate under the law, but arguing that or suggesting that the evidentiary record was insufficient to determine the factual matter. It was remanded back to Judge Burrell, who was the trial court judge. That decision was entered on April 20th, excuse me, April 14th of 2004. Shortly thereafter, Judge Burrell issued notice that briefs should be filed and there would be an evidentiary hearing on June 1st of 2004. Those notices were provided to Mr. Reynolds' trial counsel, who had been fired upon the initial judgment having been entered. How did the district court know that? Well, there are certain facts in the record that I think provide notice to the court. First off. Can you cite them? Yes. First off was that the day after the judgment was entered, Mr. Reynolds began presenting letter briefs, in effect, to the court, all of which were filed in pro per. Secondly, the very dispute that was on appeal was a dispute between Mr. Falcone and Mr. Reynolds about the appropriate behavior of his counsel, and it was very clear on the appellate record that Mr. Falcone was no longer representing Mr. Reynolds. But nobody, I think we have to infer all this. Nobody ever filed a notice of substitution of counsel. There was Mr. Falcone never filed a notice. Mr. Falcone did not. Mr. Falcone never withdrew his counsel. Mr. Falcone never provided notice to the district court. Mr. Reynolds did not obtain new trial counsel. There is, as the record is clear, my client is mentally disabled. My client has some severe mental disabilities. I was appointed as pro se counsel, pro bono counsel, excuse me, for the Ninth Circuit appeal. My client has had a very hard time understanding the limited role that I play, despite my repeated attempts to educate him about my role. When this case was remanded back to the trial court, he asked that I would represent him at the lower level. Due to professional commitments, I could not commit to doing that, and I informed him of that. However, he seems to have a very difficult time understanding that, despite my repeated conversations and letters to him. Did you have conversations with him after you sent him the letter to tell him about the good news? I did. I had subsequent, multiple subsequent conversations until I went on leave of absence for attorney. Because I could see where that one line in your letter about cross-examining might have led him to think that you were going to handle that. That's right. And that letter was prompted by a conversation prior to that, where I had said I would hope to represent him if possible. There were two possible impediments. One was it has to go through my pro bono committee at my law firm. And two was that I was on an impending leave of absence for a maternity leave. And so those were sort of two hurdles that had to be passed. And subsequent to that letter, we had multiple conversations in which I informed him that, unfortunately, I could not represent him, offering to attempt to find him counsel, but without any success. Let me cut to the chase, or what may be the chase for me. After your client learns of this judgment that's been entered against him, he sends a letter in July saying, wait a minute, what happened? That's right. Why can't we construe that as a 60-B motion? Absolutely, Your Honor. That letter is then dismissed by the judge. Why can't we then construe that as a denial of the 60-B motion? And then we've got a timely appeal. That's exactly my argument, Your Honor, is that that first notice was indeed a 60-B motion, although I won't say that my client actually quoted that. Well, I doubt he knows the rule 60-B. That's right. And his initial letter that goes out in July goes to the court. It is not really responded to. He then made an emergency appeal here, an emergency motion which was denied for lack of jurisdiction with the direction that he file a motion under 60-B. He subsequently, within days, filed yet another letter brief asking for relief and to vacate the judgment to Judge Burrell. That was then decided by Magistrate Judge Drews within, I believe, three weeks. The order from Judge Drews comes out on the 26th, excuse me, 28th of September and I think is an effective denial of a Rule 60-B motion, which provides jurisdiction to this court because the notice of appeal was filed 28 days later within the rules. Well, can you help me understand what happened here? The normal rule is he has to file within 30 days of the entry of judgment, right? Correct, Your Honor. Okay. But the problem is that he waited 11 months after the entry of judgment before he actually filed the notice. He waits, yes. It's actually longer than that, Your Honor, actually, because the judgment comes in in June of 2004 and his first request for relief comes in in July of 2004. Can you help me? As I read Federal Rule of Appellate Procedure 4A-6 and our case law in Ray Stein, there seems to be a 180-day outer limit beyond which whether you have notice or not, you are simply barred. We lack jurisdiction and it can't be recreated. Can you help me with that? Your Honor, the interchange between Federal Rule of Appellate Procedure, you know, Federal Rule 4 is if you look at that rule alone, we can see that we don't meet the time limits. However, I do believe that Rule 60-B, which doesn't have that time limit, does provide an out. It does provide this Court the opportunity to review the denial of that motion. But what you – but your brief attacks the judgment that was entered. That's, I think, a fair reading of your brief, says you're appealing the judgment. And so why aren't we back into Rule 4? I think we're – frankly, I think we're appealing the Rule 60-B, but to understand why there was an abuse of discretion of the Rule 60-B, you have to understand the initial judgment and the procedures that revolve around that initial judgment. Well, I'm not sure – I don't think that abuse of discretion is the standard. We have to decide what it is that was being appealed. And if it was the entry of the judgment, then I don't see how we get around the Rule 4a6 problem in Ray Stein. Judge Fernandez's opinion for our Court is pretty strong and pretty clear, even though he uses big words that send me to the dictionary to find out what they mean. Understood. But I do believe that Rule 60-B does provide the basis. If you look at this as a Rule 60-B appeal, because, in effect, these two requests for the vacating of judgment to the lower court from my client, as I said, conceding that they don't – as a pro se plaintiff, it doesn't express itself. But what he filed within 28 days was a notice of appeal from the denial by the magistrate judge, correct, of the 60-B motion? His notice of appeal is not as clear as you might like. That's absolutely right. It was done without the advice of counsel. Yeah. I'd be happy to say something else. Thank you, Your Honor. We'll hear now from the Attorney General's office. Thank you. I'm James Sobolewski, Deputy Attorney General, on behalf of the defendants in this matter. Counsel, if we were to construe the letter as a 60-B motion and this appeal as a 60-B motion, what would you do? The difficulty, Your Honors, is that the plaintiff waited one year until after entry of the final – of the reinstatement by Judge Burrell from June of 2004 to June of 2005 to first contact the court.   And that was done by means of a letter directed – asking for a docket. I understand all that. You're not agreeing with my premise, but I'd still like you to answer the question. If we assumed that we have jurisdiction from something that is equivalent to a 60-B denial, what are the things that we could look at and what are the things that The difficulty I have is that what he's asking is – where I was going with my other comment was there are three letters. I'm presuming it's a second letter, and in the second letter he merely says, my counsel did not receive this information. Would you forward information on? I think it's a very liberal construing to call it a 60-B motion. If it is, defendants had no knowledge that it was considered a 60-B motion. The magistrate judge then entered an order that said this is not – this is not a motion. And it ended there. And your argument is that one of the reasons we should not consider this a 60-B motion is that you had no notice? We did not understand that to be a 60-B motion, certainly. And one of the points of your argument then is that we should not consider it a 60-B motion because you didn't have notice? I think that's – I think that's a fair comment from that point of view. If it is construed as – But if that is the argument you're making, it's deeply ironic that in this case where he's complaining he didn't have notice of the subject of proceeding, that you're saying that doesn't matter. Well, under those circumstances, yes, the first situation, he did have notice because it did go to his counsel, which – Wait a minute. He himself – I think it's undisputed that he himself did not have notice. Right. It went to Mr. Falcone. Yes, that's correct. And some of the things went to Mr. Falcone are returned as undelivered. Initially, they are, yes, Your Honor. And it's quite clear, at least it should have been quite clear, and people were talking to Mr. Falcone out of your office, that he's not representing him. He's adverse at this point. I can't say for certain that we had telephone contact. I can represent to the Court that we did serve our papers on Mr. Falcone's office, and they weren't. I have to say I find this whole thing just a terribly frustrating experience. This is – I mean, I'll say it in kind of colloquial terms. This is a pretty small thing. I would – I'm not going to predict the outcome as to the underlying dispute, which is to say was he properly notified as to what he was consenting to in the original thing, as to whether it was going to be tried to the district judge. I mean, this is just – you know, this is penny-ante stuff. And here we are back the second time on something that should have been disposed of a very long time ago. A lot of lawyer time is being wasted. A lot of judge time is being wasted. Why are we – why is it happening this way? I can – This was avoidable. It was avoidable by the district judge. It was avoidable by you. This is an entirely unnecessary proceeding that you're in right this minute. To some extent, it certainly does seem that way. And what the Court is suggesting is it's avoidable if someone would have made that telephone call, I suppose, and says, are you still representing him? To my knowledge, there was no communication with Mr. Falcone as to the representation. Based on the Court's prior ruling, the assumption was made, in fact, that Mr. Falcone was counsel of record at that point. And how could you be making that assumption when he's represented by somebody else on appeal, is sent back down? I mean, Mr. Falcone has not been part of this case as a lawyer for this plaintiff for a very long time. In two ways, Your Honor. First, the appointment of appellate counsel said counsel was for the appeal. Of course. Yes. And so at that point, the prior deputy attorney general can look at that and say, this is her involvement. The second is when the motion for new trial was filed, Judge Burrell did respond to that motion in, I think, it was April 2nd of 2001, and he said three things. Number one is that the way you relieved of counsel is counsel has to file a motion to withdraw. Counsel has not. Therefore, until such a motion is filed, Mr. Falcone is Mr. Reynolds' attorney. Based on that, there was a, I want to say, a very affirmative statement by the district court that Mr. Falcone was to remain as his counsel in the trial matter. And that was a basis for the service on him. So the next proceeding is going to be, we've got to go through a whole other proceeding on ineffective assistance of counsel by Mr. Falcone who didn't properly withdraw? I mean, is there any end to this? Yes, there is, Your Honor. Finding that due process was met by service on Mr. Falcone wherein notice and opportunity to be heard was made. Well, but that assumes, that answer assumes, then, that we can get to the merits of this, and you've been arguing we have no jurisdiction. That's correct, Your Honor, and I have to address both issues in case the Court determines that there is jurisdiction. But if the Court does determine that there is jurisdiction, arguably at that, not arguably at that point, there weren't a due process. Notice and opportunity to be heard was provided through service. Service on the attorney is effective service under both case law and the local rules of court. Mr. Falcone at that point does have the information necessary. Now, the Court and plaintiffs, as a matter of fact, can't take exception with the manner in which the representation occurred and say. So you're essentially agreeing with Judge Fletcher that the, without putting a value judgment on it, that his remedy, if there is a remedy, is in a new claim for ineffective assistance of counsel because Mr. Falcone did not actually communicate with him or, in the alternative, inform the Court that he was no longer representing him and, therefore, let this time lapse and, therefore, the appeal should have been filed timely and heard on the merits. Without passing judgment on his actions, that's a correct analysis. That's the analysis that I have come to. I believe that service on Mr. Falcone, based upon Judge Burrell's 2001 order, confirming that Mr. Falcone was, in fact, attorney of record, was effective notice and opportunity to be heard for the plaintiff. And if you take exception with anything, then it's the manner in which Mr. Falcone responded to that. Counsel, I'm now confused. I thought we were dealing with a 1983 action here. How did this become converted into a habeas case? Where do we get ineffective assistance of counsel? I hear malpractice here. Malpractice, yeah. I'm sorry. Thank you. I thought maybe I'd missed something. No, no. I do it all the time. And I'm secondarily guilty, but I guess the point being that if there's a remedy, it's in a new action and not here. That's correct, Your Honor. As a practicing attorney, I don't like the word malpractice, but quite frankly, if there's an action, that's the way the action should be addressed. The failure of Mr. Falcone to respond does not require a new hearing and does not require the defendants to have to address this issue again. What that failure does is the redress for that failure is through investigating a new action. Quite frankly, that would be a legal malpractice action. Do you agree that there's no document in the file in which Mr. Falcone officially withdraws his counsel or there's any placing on the record that he was fired other than by the implication of having pro se documents filed? There was a single pro se document. Yes, Your Honor, I do agree. I'm sorry. I've looked through the record. There has been no filing whatsoever to suggest that Mr. Falcone was not the attorney of record. The only two pro se documents were the notice of motion, I'm sorry, the notice of motion for a new trial which Judge Burrell immediately addressed and says, no, Mr. Falcone remains your attorney, and then later a notice of appeal. The following pro se, the following documents that are filed in a pro se manner are filed after Judge Burrell had the made a factual determination in 2004 on remand from the Supreme Court. But, you know, I've got another problem that even if we assume that Falcone is, for purposes of this case, still his lawyer, you're getting these responses of undeliverable notices. I mean, so time after time it's coming back undeliverable. So even if he's the lawyer, you'll notice that he didn't get the notice. Yes and no, Your Honor. The first response is returned undelivered. The second response is not returned undelivered. It was accepted. Similarly with the defendant's documents, at least. I see my time. I'm happy to respond to anything further. Thank you, counsel. Thank you. Ms. Culvery has some time left. Just two points, Your Honor. To address the Attorney General's argument that the assumption that Mr. Falcone was still counsel, I want to point out that they submitted an affidavit for Mr. Falcone that they had obtained from him sometime in the 2005 timeframe. So clearly there were communications directly between the State and Mr. Falcone. But that's after the fact. That's after the time had run for an appeal. No. Actually, this affidavit was submitted to the trial court on the evidentiary hearing in April of 2004. Oh, in 2004. Because earlier you said 2005. I'm sorry, Your Honor. Yes. So the affidavit upon which Judge Burrell actually made his decision to reinstate the judgment was based expressly on this affidavit for Mr. Falcone. Unfortunately, I don't have a copy of it. So I don't know what Mr. Falcone represents as to his current status at that time with regard to Mr. Reynolds. But clearly the State ---- Is that part of the record, though? Is the affidavit part of the record? I believe it is part of the record. I don't have a copy of it with the excerpts. Well, it would be part of the filing with the court in June, right? So it should be in the court. It should be in the court file. And I don't know how Mr. Falcone represents himself in that. However, knowing that there had been this complete breakdown between counsel and Mr. Reynolds and no communications between them subsequent to the initial trial, and the fact that the State was aware of what was going on between Mr. Falcone and Mr. Reynolds, I find it hard to believe that they didn't understand that there was no longer a representation ---- that the representation was no longer in place. So I don't think that the assumption is a fair assumption on behalf of the State. And secondly, as to the ineffective assistance issue, obviously this would not be an ineffective assistance. A counsel case would be a malpractice case. And that's an extremely high hurdle. Malpractice claims are extremely high hurdles. You have to actually prove your underlying claims and that you had a very strong evidence. Well, that's true in either context. You still have to show that something would have come out differently if ---- Right. And I simply contend that, you know, I think that the remedy should be provided within this action, a separate action to see ---- We have jurisdiction. Absolutely. We're conceding. No, no. We're conceding. Obviously, I'm going to the merits, which I didn't really address on my initial statements. I was addressing the jurisdiction point. But if you do get to the merits, I think the remedy is better placed here than in a separate action. Thank you very much. Thank you, counsel. We appreciate, again, the arguments of both counsel. And the case just argued is submitted.
judges: Graber, W. Fletcher, Tallman